ACCEPTED
13-14-00656-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/23/2015 4:39:33 PM
DORIAN RAMIREZ
CLERK

No. 13-14-00656-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/23/2015 4:39:33 PM
DORIAN E. RAMIREZ
Clerk

IN THE THIRTEENTH
COURT OF APPEALS
AT CORPUS CHRISTI, TEXAS

TEXAS CAMPAIGN FOR THE ENVIRONMENT AND ROBIN SCHNEIDER,

*Appellants*

v.

PARTNERS DEWATERING INTERNATIONAL, LLC,

*Appellee*

Interlocutory Appeal from the 444th Judicial District Court,
Cameron County, Texas, Cause No. 2014-DCL-03498-H,
the Honorable David Sanchez, Presiding

## APPELLANTS' REPLY BRIEF

Wade C. Crosnoe
State Bar No. 00783903
Sara Berkeley Churchin
State Bar No. 24073913
E-mail: wcrosnoe@thompsoncoe.com
E-mail: schurchin@thompsoncoe.com
Thompson, Coe, Cousins & Irons
701 Brazos Street, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5078
Facsimile: (512) 708-8777

Jaime A. Saenz
State Bar No. 17514859
Email: ja.saenz@rcclaw.com
Lecia L. Chaney
State Bar No. 00785757
Email: ll.chaney@rcclaw.com
Colvin, Chaney, Saenz & Rodriguez
LLP
1201 E. Van Buren
P.O. Box 2155
Brownsville, Texas 78522-2155
Telephone: 956-542-7441
Facsimile: 956-541-2170

Counsel for Appellants

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Table of Contents ............................................................................................................i

Index of Authorities .................................................................................................... iii

Introduction ....................................................................................................................1

Argument.........................................................................................................................2

I.  Partners's Statement of Facts Is Inundated with Baseless Accusations
    and Irrelevant Innuendo for Which It Has No Evidence...................................2

II.  Partners Fails to Meet Its Burden of Proof Under Either an Elevated or
     Minimal Evidentiary Standard.........................................................................4

    A.  Partners Did Not Meet Its Burden to Establish "By Clear and
        Specific Evidence" a Prima Facie Case for Each Essential
        Element of the Claim in Question ........................................................4

    B.  Partners's So-Called "Proof" Consists of Nothing More Than
        Conclusory Assertions and Stacked Inferences ...................................6

III.  Partners Improperly Disregards Texas Campaign for the
      Environment's Evidence...................................................................................6

    A.  Section 27.006 Mandates Consideration of the Entire Record.............6

    B.  Partners Bears the Burden to Prove By Clear and Specific
        Evidence the Falsity of the Allegedly Disparaging Statements...........8

IV.  Partners's Claim for Tortious Interference Must be Dismissed.....................9

    A.  Texas Campaign for the Environment's Online Posts Do Not
        Establish Proximate Cause .................................................................11

    B.  The Statement Made By the Rio Hondo City Attorney Is Proof
        That Texas Campaign for the Environment Did Not
        Proximately Cause the Contract Termination .....................................13

i

V.      Partners's Conclusory Business Disparagement Claims Are Not
        Supported by "Clear and Specific" Evidence.................................................14

        A.      Partners Ignores Texas Campaign for the Environment's
                Evidence Establishing That the Allegedly False Statements Are
                True or Substantially True.................................................................14

        B.      Partners Has Provided No Evidence to Establish That Texas
                Campaign for the Environment or Schneider Acted With
                Malice ..............................................................................................17

        C.      Partners Has Not Proven by Clear and Specific Evidence That
                Texas Campaign for the Environment's Statements Are Not
                Protected by a Privilege...................................................................22

VI.     Partners Has Not Proven the Necessary Element of Damages by Clear
        and Specific Evidence on Either of Its Claims.............................................24

VII.    Conclusion .....................................................................................................27

Certificate of Compliance .......................................................................................29

Certificate of Service................................................................................................29

ii

# INDEX OF AUTHORITIES

## Cases

*Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002) ......................................................18

*Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299 (Tex. App.—Dallas 2013, pet. denied)...............................................7

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) .................5

*Burbage v. Burbage*, 447 S.W.3d 249 (Tex. 2014) ............................. 10, 11, 24, 25

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002)........................................10

*Carr v. Brasher*, 776 S.W.2d 567 (Tex. 1989) .....................................................20

*Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ......................................................................................7

*Diamond Shamrock Ref. & Mktg. Co. v. Mendez*, 844 S.W.2d 198 (Tex. 1992)................................................................................................23

*Farias v. Garza*, 426 S.W.3d 808 (Tex. App.—San Antonio 2014, pet. filed) .................................................................................................................5

*Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167 (Tex. 2003)..................................................................................... 18, 19, 23, 24

*H.E.B. Grocery Store v. Pais*, 955 S.W.2d 384 (Tex. App.—San Antonio 1997, no pet.) ......................................................................................12

*Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995).................................................10

*Houston Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820 (Tex. 2014).......................................................................... 25, 26

*Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413 (Tex. 2000)..................................................................................................... 18, 20

*Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762 (Tex. 1987) .............. 8, 9, 14, 24

*In re E.I. DuPont*, 136 S.W.3d 218 (Tex. 2004)..................................................6, 10

*In re Lipsky*, 411 S.W.3d 530 (Tex. App.—Fort Worth, 2013 orig. proceeding)..............................................................................................25

*James v. Calkins*, 446 S.W.3d 135(Tex. App.—Houston [1st Dist.] 2014, pet. filed) ......................................................................................6

*KBMT Op. Co., LLC v. Toledo*, 434 S.W.3d 276 (Tex. App.—Beaumont 2014, pet. filed)..............................................................................5

*KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ................................................6

*Lozano v. Lozano*, 52 S.W.3d 141 (Tex. 2001) .........................................6

*Marathon Corp. v. Pitzner*, 106 S.W.3d 724 (Tex. 2003)....................2, 6

*Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) ................16

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ..........8

*Rehak Creative Servs.,Inc.v. Witt*, 404 S.W.3d 716 (Tex. App.-Houston [14th Dist.] 2013, pet. denied)............................................4, 5

*Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492 (Tex. 1991) .......9

*Schlumberger Well Surveying Corp.v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854 (Tex. 1968)............................................................................2

*Shipp v. Malouf*, 439 S.W.3d 432 (Tex. App.—Dallas 2014, pet. filed) .................5

*Sierra Club v. Andrews County*, 418 S.W.3d 711 (Tex. App.—El Paso 2013, pet. filed) ..................................................................................27

*Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. of Tex.*, 219 S.W.3d 563, 576–77 (Tex. App.—Austin, 2007, pet. denied) .........................21

*Tienda v. State*, 358 S.W.3d 633 (Tex. Crim. App. 2012) .....................12

*Waste Mgmt. of Tex. v. Tex.as Disposal Sys. Landfill, Inc.*, 2012 WL 1810215 (Tex. App.—Austin, May 18, 2012), *pet. granted, rev'd in part on other grounds*, 219 S.W.3d 563 (Tex. 2007) .........................21

*Young v. Krantz*, 434 S.W.3d 335 (Tex. App.—Dallas 2014, no pet.) ....................5

## Statutes

Tex. Civ. Prac. & Rem. Code § 27.005 ................................................... 4, 7, 10, 25

Tex. Civ. Prac. & Rem. Code § 27.005(b)..................................................................7

Tex. Civ. Prac. & Rem. Code § 27.005(c)...............................................................2, 5

Tex. Civ. Prac. & Rem. Code § 27.005(d)..............................................................7, 16

Tex. Civ. Prac. & Rem. Code § 27.006 ..................................................................6, 7

Tex. Civ. Prac. & Rem. Code § 27.006(a)...............................................................2, 7

Tex. Civ. Prac. & Rem. Code § 27.011 ....................................................................8

## Rules

Tex. R. App. P. 38.1(g), 38.2(a)(1).........................................................................3

## Other Authorities

Restatement (Second) of Torts §§ 594–97 ..............................................................23

Restatement (Second) of Torts § 598.....................................................................23

Tex. Const. art. 1, § 8........................................................................................20

U.S. Const. amend. I .........................................................................................20

## INTRODUCTION

This case is not about tortious interference with contract or business disparagement. This case concerns Partners Dewatering International, LLC's ("Partners") efforts to silence environmentalist and local community critics who exercised their constitutionally protected rights to criticize a decision made by public officials to grant a wastewater plant that would impact the sensitive waters of the nearby Colorado Arroyo Watershed.

In its Appellee's Brief, Partners does not address, let alone dispute, any of the evidence Texas Campaign for the Environment details in support of its defense that the allegedly defamatory statements made by Texas Campaign for the Environment are true or substantially true. Similarly, in the context of its tortious interference discussion, Partners does not address the record evidence that Texas Campaign for the Environment details on the lack of proximate causation—evidence that Partners itself submitted to the trial court.

Partners instead relies almost solely on a mischaracterization of the burden of proof—which it describes as the burden to produce merely the "minimum quantum of evidence necessary to support an inference" on each element of its claims—and a misstated standard of evidentiary review that would preclude consideration of Texas Campaign for the Environment's evidence. But the plain

1

language of the governing statute does not support either of Partners's approaches. *See* Tex. Civ. Prac. & Rem. Code §§ 27.005(c), 27.006(a).

Even under a relaxed standard of review, however, the trial court's denial of Texas Campaign for the Environment's Motion to Dismiss still cannot survive review. A party cannot meet its burden of proof by stacking inference upon inference, as Partners does here. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003); *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1968). Partners's so-called "proof" of proximate causation and malice consist of nothing more than unsubstantiated accusation and inference not reasonably and logically drawn from the evidence in the record. Partners has not met its burden under even the most minimal of evidentiary standards.

Because section 27.005(c) requires that Partners produce "clear and specific evidence" on each element of its tortious interference and business disparagement claims to avoid dismissal under the Texas Citizens' Participation Act ("the Act"), and Partners has not done so, this Court should reverse the trial court's denial of the Motion to Dismiss.

## ARGUMENT

### I. Partners's Statement of Facts Is Inundated with Baseless Accusations and Irrelevant Innuendo for Which It Has No Evidence

In its Statement of Facts, Partners makes several conclusory arguments with no record support. For instance, Partners argues that once Texas Campaign for the

2

Environment turned its focus to Partners's contract with Rio Hondo, "TCE decided to shift its tactics and conduct an aggressive campaign of falsehoods and disparagements about Partners's operations in Rio Hondo" (Brief at p. 11). Partners also contends that Texas Campaign for the Environment was on a "disparaging crusade against PDI" and began "[u]sing information and . . . false, misleading, and disparaging statements . . . to convince residents of Rio Hondo that their community and health were in danger" (*Id.* at p. 14).

Partners argues that Robin Schneider "recklessly made [statements she] knew were false or were intended to create a false impression, that fed the outcry against PDI in Rio Hondo" (*Id.* at p. 16). Partners contends, again with no proof, that the contract between itself and the City of Rio Hondo "had been in place for four years "with no issues" before Texas Campaign for the Environment became involved (*Id.* at pp. 23, 34).

Partners also details in its Statement of Facts the alleged activities of its competitor (and former defendant to this lawsuit) Liquid Environmental Systems ("LES"), implying, without an iota of evidence, that a "joint campaign" existed between LES and Texas Campaign for the Environment to sabotage Partners's interests in the Rio Hondo wastewater plant.

TCE objects to these statements as unsupported by the record. *See* Tex. R. App. P. 38.1(g), 38.2(a)(1). In deciding the merits of this appeal, this Court should

decline to consider Partners's unsubstantiated embellishments of the record. Such groundless arguments constitute no evidence, let alone "clear and specific evidence," necessary to support Partners's claims of tortious interference with contract and business defamation.

As for Partners's dubious attempt to imply some sort of improper or collusive relationship between LES and Texas Campaign for the Environment, Partners's argument is both baseless and irrelevant. If Partners actually believed or had any evidence to support these accusations, one wonders why it voluntarily nonsuited its claims against LES in this lawsuit (CR 1560).

## II. Partners Fails to Meet Its Burden of Proof Under Either an Elevated or Minimal Evidentiary Standard

### A. Partners Did Not Meet Its Burden to Establish "By Clear and Specific Evidence" a Prima Facie Case for Each Essential Element of the Claim in Question

Partners concedes that section 27.005 requires that it establish by clear and specific evidence each essential element of its claim (*See* Brief at pp. 20–21). It also concedes that the ordinary meaning of "clear and specific evidence" is "evidence that is unaided by presumptions, inferences, or intendments." *See* Brief p. 21 (citing *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)). Nevertheless, Partners proceeds as though it must meet only a prima facie burden of proof that requires merely a

4

"minimal showing"—something akin to a "scintilla of evidence" concept applicable in the context of a legal sufficiency challenge.

Texas courts have rejected this approach, almost uniformly recognizing that the "purposeful inclusion of a 'clear and specific evidence' requirement [in the Act] indicates that the nonmovant must satisfy *an elevated evidentiary standard* under section 27.005(c)." *Rehak Creative Servs., Inc.*, 404 S.W.3d at 725–26, 729 (emphasis added); *see e.g.*, *Young v. Krantz*, 434 S.W.3d 335, 343–44 (Tex. App.—Dallas 2014, no pet.); *Farias v. Garza*, 426 S.W.3d 808, 813 (Tex. App.—San Antonio 2014, pet. filed); *KBMT Op. Co., LLC v. Toledo*, 434 S.W.3d 276, 282 (Tex. App.—Beaumont 2014, pet. filed); *Shipp v. Malouf*, 439 S.W.3d 432, 439 (Tex. App.—Dallas 2014, pet. filed).[1]

The ordinary meaning of "clear" is "'free from obscurity or ambiguity,' 'easily understood,' 'free from doubt,' or 'sure.'" *Farias*, 426 S.W.3d at 814 (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 229 (11th ed. 2003)). "'Specific' means 'constituting or falling into a specifiable category,' 'free from ambiguity,' or 'accurate.'" *Id.* (citing MERRIAM-WEBSTER'S COLLEGIATE

---

[1] Partners relies on *Better Business Bureau of Metropolitan Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied), to support its argument that the burden of proof it must satisfy is minimal. Although the court in that case does not specifically refer to an "elevated evidentiary standard," it applies the same standard as the courts that recognize the standard is heightened: "To avoid dismissal of a claim covered by the TCPA, a plaintiff must establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* at 354–55. "Clear and specific evidence has also been described as evidence that is 'unaided by presumptions, inferences, or intendments.'" *Id.* at 355 (citation omitted).

5

DICTIONARY 1198)); *see James v. Calkins*, 446 S.W.3d 135, 147 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Partners falls far short of its burden of proof.

> B. *Partners's So-Called "Proof" Consists of Nothing More Than Conclusory Assertions and Stacked Inferences*

Even allowing for reasonable inferences, Partners fails to meet even the most minimal burden of proof. Conclusory allegations with no foundation in the record are not evidence and will not suffice to establish Partners's prima facie case. *See In re E.I. DuPont*, 136 S.W.3d 218, 223–24 (Tex. 2004). Likewise, inferences stacked on other inferences do not constitute legally sufficient evidence to support a claim. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003); *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001). Here, as discussed below, the circumstantial evidence Partners presents is "so slight that any plausible inference is purely a guess, [which] is in legal effect no evidence." *Lozano*, 52 S.W.3d at 148.

## III. Partners Improperly Disregards Texas Campaign for the Environment's Evidence

> A. *Section 27.006 Mandates Consideration of the Entire Record*

Without citing any supporting authority, Partners argues that the evidence Texas Campaign for the Environment described in its opening brief is irrelevant

(Brief at p. 21). Then, citing section 27.005(d), Partners tells this Court that "[t]he only evidence of the moving party that can be considered is evidence of a 'valid defense' which must be established 'by a preponderance of the evidence" (Brief at p. 21).

Partners's argument has no basis in the language of section 27.005(d). In particular, section 27.005(d) says nothing about what evidence the court may or may not consider in determining whether to dismiss claims under 27.005(b). Furthermore, the plain language of section 27.006 undermines Partners's argument. Section 27.006(a) mandates that the trial court "shall consider the pleadings and *supporting and opposing affidavits* stating the facts on which the liability or defense is based" (emphasis added). *See Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied); *see also Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 210 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("We consider the parties' pleadings and affidavits when reviewing a ruling on a TCPA motion to dismiss."). Partners cites no case law, and Texas Campaign for the Environment knows of none, that construes sections 27.005 and 27.006 to mean that the trial court or the reviewing court cannot consider all of the *parties'* proof—i.e., the entire record.

In any event, Partners's argument that Texas Campaign for the Environment's evidence is irrelevant is largely beside the point. In its briefing on

7

Partners's tortious interference claim, Texas Campaign for the Environment focused chiefly on evidence that *Partners* submitted to the trial court. This evidence includes, for instance, materials from the public meeting on Partners's Proposed Solid Waste Registration Application, letters from various members of the community to City Council members, and the affidavits of Partners's damages expert (CR 243–468). Not only does Partners's own evidence fail to establish clear and specific evidence of its tortious interference and business disparagement claims, it affirmatively contradicts Partners's own theories of liability.

### B. Partners Bears the Burden to Prove By Clear and Specific Evidence the Falsity of the Allegedly Disparaging Statements

Partners's contention that the evidence does not relate to Texas Campaign for the Environment's defenses is plainly incorrect. In both the trial court and in its appellate briefing, Texas Campaign for the Environment argued truth and "substantial truth" as defenses to Partners's business disparagement claims. It is well settled that evidence of truth or substantial truth is a defense to a claim for business disparagement. *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987); *see also Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 83 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (concluding that a movant for dismissal under Chapter 27 is entitled to dismissal based on a showing of truth); Tex. Civ. Prac. & Rem. Code § 27.011 ("This chapter does not abrogate or lessen any other defense available under other

8

constitutional, statutory, case, or common law or rule provisions."). Texas Campaign for the Environment fully briefed the defense of truth in both the trial court and in its opening brief.[2]

Although truth is a valid defense to a business disparagement claim and is properly before this Court, it need not reach whether Texas Campaign for the Environment proved that the allegedly defamatory statements were true. Falsity is an element of a business disparagement claim on which *Partners bore the burden of proof. See Hurlbut v. Gulf Atl. Life Ins. Co.*, 74S.W.2d 762, 765 (Tex. 1988) ("The plaintiff in a business disparagement claim . . . must plead and prove the falsity of the statement as part of his cause of action."). As explained in Texas Campaign for the Environment's Opening Brief and as outlined below, Partners did not meet this burden.

## IV. Partners's Claim for Tortious Interference Must be Dismissed

To prevail on its tortious interference with contract claim, Partners must establish that (1) it had a valid contract; (2) defendant willfully and intentionally interfered with the contract; (3) the interference proximately caused the plaintiff's

---

[2] To the extent Partners is suggesting that truthfulness was not pleaded as an affirmative defense in Texas Campaign for the Environment's answer, that argument has been waived. Partners failed to object in the trial court to the lack of such a pleading or to the evidence attached to Texas Campaign for the Environment's Motion to Dismiss, including evidence supporting Texas Campaign for the Environment's defense of truth. *See, e.g.*, *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991) (holding that a party moving for summary judgment based on an affirmative defense must plead the defense in its answer, but that the opposing party must object to the lack of a supporting pleading to preserve error).

9

injury; and (4) the plaintiff incurred actual damage or loss. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002); *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995).

Conclusory statements are not evidence and certainly cannot establish a prima facie case under section 27.005. *See In re E.I. DuPont*, 136 S.W.3d at 223–24. In just 2014, the Texas Supreme Court reiterated that in defamation cases, a plaintiff must produce more than "meager circumstantial evidence which could give rise to any number of inferences, none more probable than another." *Burbage v. Burbage*, 447 S.W.3d 249, 262 (Tex. 2014) (quotation omitted). In that case, for example, the court noted that customers' cancellations of their service contracts with the plaintiff, alleged to have been proximately caused by defendant's defamatory statements, "could have occurred for any number of reasons" and was therefore not sufficient to prove causation or damages. *Id.* Partners faces the same problem with its proof here.

In particular, Partners presented no evidence, and certainly no "clear and specific evidence," establishing that Texas Campaign for the Environment proximately caused the City of Rio Hondo to cancel its contract with Partners. Indeed, the best that Partners can do is reference online postings purportedly made by Texas Campaign for the Environment and a statement the City Attorney made regarding cancelation of the contract (CR 1477–81). But this purported proof,

10

outlined below, at best "creates a mere surmise or suspicion of a vital fact." *Burbage*, 447 S.W.3d at 259. "[I]t is, in legal effect, no evidence." *Id.*

A. *Texas Campaign for the Environment's Online Posts Do Not Establish Proximate Cause*

First, Partners's argument that Texas Campaign for the Environment made admissions online that its action caused Rio Hondo to cancel the contract is neither supported in the record nor sufficient to establish proximate cause. Far from "admitting" that their actions caused the City of Rio Hondo to breach its contract with Partners, neither post actually says that and both *give credit to the public generally* for the "victory" achieved in protecting the Arroyo Colorado watershed. For instance, Partners relies on an alleged posting on the Texas Campaign for the Environment website, which reads:

> A problem liquid waste company announced last year that they were going to be operating in the Rio Grande Valley community of Rio Hondo, and TCE organizers swung into action . . . After intense public pressure the Rio Hondo City commission cancelled their contract with the company, ending the project and its threat to the sensitive Arroyo Colorado.

11

(CR 220, 238–40). In addition, Partners relies on an alleged post written on Texas Campaign for the Environment's Facebook page, which states:[3]

> Victory in Rio Hondo! After six months of organizing and activism, the Rio Hondo city commission decided unanimously to back out of their contract with a problem liquid waste processor. Thank you to all the local activists and concerned citizens who stood up and made this victory possible.

(CR 220).

Partners's attempts to characterize Texas Campaign for the Environment's purported online statements as if they are judicial admissions is unavailing. To qualify as an admission, the statement must *be in a live pleading* and must be a deliberate, clear and an unequivocal statement of *fact.* A party cannot admit a question of law, such as whether the proof establishes proximate cause. *See H.E.B. Grocery Store v. Pais*, 955 S.W.2d 384, 389 (Tex. App.—San Antonio 1997, no pet.). That is a question for a judge to answer. *See id.*

---

[3] Texas Campaign for the Environment objected to Partners's exhibit containing the post on the ground that it had not been properly authenticated. Its objection was overruled (RR 34–36). Because the Facebook post allegedly belonging to Texas Campaign for the Environment was never properly authenticated with sufficient circumstantial evidence, it should not be considered by this Court as evidence of proximate cause. *See Tienda v. State*, 358 S.W.3d 633, 644–46 (Tex. Crim. App. 2012) (holding that a party must present sufficient circumstantial evidence to support a finding that a social media page is "what they [are] purported to be."). In *Tienda*, for example, the Texas Court of Criminal Appeals concluded that a proponent properly authenticated a printout of a social media page by producing affidavits subpoenaed from Myspace and an "official MySpace Subscriber Report" evidencing that the appellant was actually responsible for the posts. *Id.* Here, Partners provided no similar circumstantial evidence. Even if this Court considers the Facebook post, however, it constitutes no evidence of proximate cause.

12

Thus, even if Texas Campaign for the Environment took full credit for the "victory" in the online posts (which it obviously did not), the question would still remain whether Partners has proved by clear and specific evidence that Texas Campaign for the Environment was the proximate cause of the City's decision to terminate its agreement with Partners. It has not.

B. *The Statement Made By the Rio Hondo City Attorney Is Proof That Texas Campaign for the Environment Did Not Proximately Cause the Contract Termination*

Partners also attempts to prove proximate cause by relying on a statement made by the Rio Hondo City Attorney concerning the termination of the contract (Resp. at p. 17). The statement comes from the *Valley Morning Star*, which quotes Rio Hondo City Attorney Eddie Lucio III as saying that "changes within the city's administration and the City Commission, as well as public pressure, led commissioners to reconsider the contract" (CR 1478–79).

Notably, this statement does not refer to Texas Campaign for the Environment at all. On its face, this statement is proof that personnel changes and political decisions made in response to pressure *from the public at large*—as opposed to any action by Texas Campaign for the Environment—was the proximate cause of the contract termination.

In sum, Partners relies on stacked inferences, unsupported, conclusory allegations, and mere suspicion to "prove" that the actions of Texas Campaign for

13

the Environment—as opposed to personnel changes and the City, and concerned local citizens and activist groups—caused the City of Rio Hondo to cancel the contract with Partners. Because none of the purported "evidence" cited by Partners supports by clear and specific evidence Partners's theory of causation, its tortious interference with contract claim must be dismissed.

## V. Partners's Conclusory Business Disparagement Claims Are Not Supported by "Clear and Specific" Evidence

### A. *Partners Ignores Texas Campaign for the Environment's Evidence Establishing That the Allegedly False Statements Are True or Substantially True*

Partners bears the burden to prove that the allegedly disparaging statements made by Texas Campaign for the Environment and Robin Schneider are false. *See Hurlbut*, 749 S.W.2d at 765. Partners's Brief fails to mention, let alone address or dispute, *any* of the evidence Texas Campaign for the Environment details in its briefing to show that the allegedly defamatory statements made by Texas Campaign for the Environment and Robin Schneider were either statements of opinion, were true, or (at the very least) were substantially true (Appellants' Brief at pp. 29–40). Partners instead relies exclusively on the same conclusory allegations of falsity it made in the trial court even though Texas Campaign for the Environment's evidence squarely contradicts them.

Because Partners chose not to address any of Texas Campaign for the Environment's arguments and evidence concerning the truth or substantial truth of

14

the allegedly false statements Partners identifies, Texas Campaign for the Environment will not belabor them at length here. The following chart provides quick reference to the undisputed evidence that proves the statements made by Texas Campaign for the Environment and Schneider are not false:[4]

| Alleged Disparaging Statement | Undisputed Record Evidence Proving Statement is Opinion or, at Minimum, Substantially True |
|---|---|
| "PDI had an 'unsatisfactory' compliance record with the TCEQ for the La Coste facility.'" (Brief at p. 34)<br><br>"PDI does not comply with the laws of Texas" (Brief at p. 35). | • The TCEQ gave PDI an "unsatisfactory" classification on Sept. 1, 2011–Sept 1, 2013—during which time Partners's was responsible for operation of the LaCoste plant (CR 1558–59).<br>• The TCEQ issued a letter to the City of LaCoste listing numerous outstanding violations, and assessing fines for numerous instances of noncompliance (CR 117).<br>• Partners accepts responsibility and pays fines for the violations, including those that resulted in the death of 160,000 fish in Polecat Creek (CR 793, 796). |
| "PDI would accept 'toxic industrial waste' at the Rio Hondo facility" (Brief at p. 35). | • The *actual* statement Partners relies on is one of opinion: "We think it's not a good idea to have toxic waste that contains arsenic and other metals and petrochemical waste to go to small |

---

[4] In its Response in the trial court, Partners set forth as a basis for its defamation claim Texas Campaign for the Environment's statement that "PDI was processing one-million gallons per month in the City's wastewater system, but would only pay $1,500 per month, which is less than half the sewer rate the residents of Rio Hondo were paying" (CR 201). Texas Campaign for the Environment pointed out in its Appellants' Brief that its statement was based on a similar statement made by Partners' finance director, Carter Mayfield, as quoted in the local newspaper (Appellants' Brief at pp. 35–36). Partners appears to have abandoned this statement as a basis for its disparagement claim, as it does not appear in their Appellee's Brief.

15

| Alleged Disparaging Statement | Undisputed Record Evidence Proving Statement is Opinion or, at Minimum, Substantially True |
|---|---|
|  | wastewater treatment plants that are not constructed to deal with these wastes" (CR 1395).<br>• Partners does not dispute that it was responsible for a fish kill resulting from the poisoning effects of the waste discharged from the LaCoste plant into the Polecat Creek (CR 117–18, 743–56). |
| The City of LaCoste residents had to boil their water to avoid getting sick after a discharge from the City's wastewater plant (Brief at p. 35). | • A boil water notice was in fact issued to the people of LaCoste because of a discharge from Partners's water treatment plant that risked incursion of dangerous microbes into the Polecat Creek (CR 1489). |

The substantial truth defense, like the Act itself, arises from the First Amendment's freedom of speech and freedom of press protection. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516–17 (1991). Even if Partners had proven the element of falsity by clear and specific evidence—which it has not— Texas Campaign for the Environment is nevertheless entitled to dismissal because it has proved with undisputed evidence that the statements were true or substantially true. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d).

### B. Partners Has Provided No Evidence to Establish That Texas Campaign for the Environment or Schneider Acted With Malice

In its Response to the Motion to Dismiss, Partners argued that Texas Campaign for the Environment is liable for business disparagement because, in part, it acted with malice; that is, it knew of the falsity of statements made or acted with reckless disregard concerning the statements. As Texas Campaign for the Environment pointed out in its opening brief and as Partners does not dispute here, Partners did not argue to the trial court as a basis to establish malice that Schneider or Texas Campaign for the Environment intended to interfere with Partners's economic interest (CR 197) ("Here, each statement made by Schneider was either knowingly false or was made with reckless disregard for whether the statement was true."); (CR 203) ("Here, each statement made by TCE was either knowingly false or was made with reckless disregard for whether the statement was true."). Because Partners raises that argument for the first time in the court of appeals, this Court should not consider it.[5]

---

[5] Even if Partners had not waived the question of whether Texas Campaign for the Environment intended to interfere in Partners's economic interests, Partners still could not show malice on that theory. The evidence relied on by Partners shows only that Texas Campaign for the Environment intended to rally public participation on a matter of public concern and to protect the vulnerable waters of the Colorado Arroyo Watershed, not that it intended to interfere with Partners's profits under the contract. *Compare, e.g.*, *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. of Tex.*, 219 S.W.3d 563, 576–77 (Tex. App.—Austin, 2007, pet. denied) (*Texas Disposal I*) (discussing libel action wherein corporation published knowingly false statements about its direct competitor to gain economic benefit).

17

Texas Campaign for the Environment has argued all along that the allegedly disparaging statements are true or, at a minimum, substantially true. Texas Campaign for the Environment has provided undisputed evidence to support this defense. Given that Partners has failed to prove that the statements themselves were false, it is no surprise that Partners fails to present any evidence that Texas Campaign for the Environment or Schneider *knew* that the statements made were false. Conclusory statements do not constitute "clear and specific" evidence.

"Malice" is a term of art. *See Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 171 (Tex. 2003). Constitutional malice consists of "calculated falsehood." *Bentley v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002). Evidence of "ill will, spite, or evil motive" is no evidence of malice. *Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 420 (Tex. 2000). Neither is negligence. *Bentley*, 94 S.W.3d at 591. To survive dismissal of its business disparagement claims, Partners is required to show that Texas Campaign for the Environment made disparaging statements with actual malice. Here, actual malice requires "that the defendant in fact entertained serious doubts as to the truth of his publication "or had a "high degree of awareness of the probable falsity of the published information." *Id.* (internal alterations omitted). This is a subjective standard. *Id.* The inquiry focuses on the "defendant's state of mind" and requires proof that the

18

defendant "entertained serious doubts as to the truth of his publication." *See Forbes*, 124 S.W.3d 171–74.

Partners continues to argue that Texas Campaign for the Environment and/or Schneider had access to, and should have consulted, various resources before making statements about the contract between Partners and the City of LaCoste. *E.g.*, Brief at p. 37 ("Schneider, by her own testimony, has led her environmental organization for years, and it is very simple to get an entity's compliance history from the TCEQ."); *id.* ("No one at TCE ever called the City of LaCoste to see why it published a boil water notice, and the notice had nothing to do with the City's wastewater facility."). Given that Schneider continues to insist that her statements are true, and given the undisputed record evidence that shows they are true (or at least substantially true), this is no evidence that Schneider actually consulted these sources and either *knew* her statements were false or entertained serious doubts as to their truth.

Despite undisputed record evidence to the contrary, Partners continues to represent to this Court that Schneider stated Partners would handle toxic material at the wastewater plant in Rio Hondo. In reality, Schneider made the following statement of *opinion* with regard to toxic waste: "We think it's not a good idea to have toxic liquid waste that contains arsenic and other metals and petrochemical waste to go to small wastewater treatment plants that are not constructed to deal

19

with these wastes" (CR 1395). "Assertions of opinion are protected by the first amendment of the United States Constitution and article I section 8 of the Texas Constitution." *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989). Schneider's statement is therefore not actionable.

Even if Schneider's statement could be construed as one of fact, however, Partners still cannot show that she made it with calculated falsehood. *Huckabee v. Time Warner Entm't Co., L.P.*, 19 S.W.3d 413, 424 (Tex. 2000) (noting that a defendant may negate the existence of actual malice by establishing the defendant's belief in the challenged statements' truth and a plausible basis for this belief). That Partners's application allegedly stated that no toxic waste would be handled at the Rio Hondo facility is entirely immaterial to the question whether Schneider *subjectively believed*—based on Partners's past performance at the LaCoste plant—that Partners would nevertheless handle materials that could be as toxic to the Rio Hondo waterways as they had been to the LaCoste waterways. After all, the terms of the agreement between Partners and the City of LaCoste were similar to the agreement between Partners and the City of Rio Hondo, yet the waste from Partners's LaCoste plant was *actually toxic* to the 160,000 fish it killed when released into a nearby body of water (a violation for which the TCEQ issued fines and which Partners does not dispute) (CR 117–18, 743–56).

Finally, Partners's reliance on *Waste Management of Texas v. Texas Disposal Systems Landfill, Inc.* (*Texas Disposal II*), No. 03-10-00826-CV, 2012 WL 1810215 (Tex. App.—Austin, May 18, 2012), *pet. granted, rev'd in part on other grounds*, 219 S.W.3d 563 (Tex. 2007), does not solve its evidentiary problems. In that case (which does not concern the Act), the Austin Court of Appeals reviewed affirmative jury findings on falsity and actual malice under a legal sufficiency challenge. In reviewing the evidence, the court considered the contents of an "Action Memo" that the defendant published questioning the environmental integrity of a competitor's landfill. *See also Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. of Tex.*, 219 S.W.3d 563, 576–77 (Tex. App.—Austin, 2007, pet. denied) (*Texas Disposal I*) (setting forth the background facts of the same libel suit).

The *Waste Management* court noted in detail that the memo's author testified that *he knew at the time he wrote the defamatory memo that the contents were misleading and that he intended to give its readers a false impression about his competitor*. *Id.* at 579. Hence, the court affirmed the jury's finding that the author of the Action Memo acted with falsity and malice.

Here, by contrast, Partners has no such similar evidence of calculated falsehood to support its disparagement claims. It simply ignores the unchallenged evidence in the record proving that Texas Campaign for the Environment's

21

statements are truthful—i.e., the undisputed history of violations Partners committed in its operation of the LaCoste plant.

*Waste Management* is nothing like this case, and serves to expose larger problems with Partners's theory of business disparagement. That case concerned libelous statements that Waste Management made about Texas Disposal Systems, its direct competitor, to gain advantage on a bid with the City of Austin for waste removal and landfill services. *Id.* at 569–70. The libelous statements were made in a deliberate attempt to reap economic benefit through knowing deception and deliberate subterfuge. The evidence supported each element of the claim. *Id.*

Here, in contrast, there is no such evidence of deception or calculated falsehood intended to confer onto Texas Campaign for the Environment an economic advantage. Unlike *Waste Management*, this case is about a corporation's attempt to silence the speech of an environment organization that acted within its constitutionally protected rights to rally citizen participation and foster debate concerning a matter of great public concern.

C.  *Partners Has Not Proven by Clear and Specific Evidence That Texas Campaign for the Environment's Statements Are Not Protected by a Privilege*

A qualified privilege exists under Texas law "when a communication is made in good faith and the author, the recipient or a third person . . . has an interest that is sufficiently affected by the communication." *Diamond Shamrock Ref. &*

22

*Mktg. Co. v. Mendez*, 844 S.W.2d 198, 209–10 (Tex. 1992); Restatement (Second) of Torts §§ 594–97.  Moreover, a communication may be conditionally privileged "if it affects an important public interest."[6]  *See Diamond Shamrock*, 844 S.W.2d at 210; Restatement (Second) of Torts § 598.  It was Partners's burden to establish by clear and specific evidence that a privilege does not bar this defamation claim.  *See Forbes*, 124 S.W.3d at 170.  Partners failed to prove in the trial court that no privilege applies.

In its Brief, Partners does not substantively address these privileges.  The only basis Partners asserts as to why the privilege does not apply is that Schneider and Texas Campaign for the Environment allegedly acted with malice, which "defeats all common-law qualified privileges" (Resp. at p. 32).  But as discussed above and at length in Texas Campaign for the Environment's Appellate Brief, Partners has presented no evidence, and certainly no clear and specific evidence, that the Defendants made disparaging statements with knowledge of their falsity or with serious doubts as to the statements' falsehood.  *See Forbes*, 124 S.W.3d 171–

---

[6] "An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that (a) there is information that affects a sufficiently important public interest, and (b) the public interest requires the communication of the defamatory matter to a public officer or a private citizen who is authorized or privileged to take action if the defamatory matter is true."  Restatement (Second) of Torts § 598.

23

74. Thus, Partners has not shown that the common law qualified privilege does not apply to the statements at issue.[7]

## VI. Partners Has Not Proven the Necessary Element of Damages by Clear and Specific Evidence on Either of Its Claims

As set forth in Texas Campaign for the Environment's Appellants' Brief and in Section IV of this Brief, Partners has not shown any proof, and certainly not clear and specific proof, that Texas Campaign for the Environment or Schneider caused the City of Rio Hondo to cancel its contract with Partners. Thus, it has not proved that Texas Campaign for the Environment caused *any* of its damages. *See Burbage*, 447 S.W.3d at 262 (holding that no evidence supported an award of actual damages where "the jury cannot reasonably infer that defamation caused the [contract] cancellations when the cancellations could have occurred for any number of reasons"). Indeed, Partners's own proof demonstrates that public pressure and changes in personnel were reasons the City decided to terminate the contract (CR 1478–79). For this reason alone, both its tortious interference with contract and business disparagement claims fail.

Partners's claims also fail because its proof of damages is wholly insufficient. Partners contends that under a prima facie standard, the statements

---

[7] Typically, conditional privileges are not at issue in business disparagement cases because if a plaintiff carries his burden to show malice as an element of recovery, he likewise defeats the conditional privilege. *Hurlbut*, 749 S.W.2d at 768. Hence, if the Court rules that Partners failed to present evidence of actual malice, it is unnecessary to reach the question of whether the statements are privileged.

made in Mr. Mayfield's affidavit are alone sufficient to prove actual loss, without need for even one independent piece of admissible evidence to support the material assumptions and estimates he sets forth (Resp. at p. 24). Again, Partners misapplies the standard of proof under section 27.005.

Partners must show "clear and specific evidence"—an elevated evidentiary standard—of "actual loss" in order to avoid dismissal.[8] At the very least, Partners must provide some documentary evidence to support its claim of damages. In a recent Texas Supreme Court case (that Partners does not address), the court reiterated that expert testimony on damages must be based on record evidence supporting an expert's material factual assumptions. *Houston Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 832–33 (Tex. 2014). And in another recent opinion, *Burbage v. Burbage*, 447 S.W.2d 3d 249, 262 (Tex. 2014), the Court admonished that compensatory damages must be proven with legally sufficient evidence.

Mr. Mayfield's affidavit on future damages consists of nothing more than stacked inferences, as his damage calculation consists of an estimation of what

---

[8] Partners relies in *In re Lipsky*, 411 S.W.3d 530, 546–47 (Tex. App.—Fort Worth 2013, orig. proceeding), to support its argument that Mr. Mayfield's affidavit is alone sufficient proof of damages. *In re Lipsky*, however, was decided before the Texas Supreme Court issued its decisions in *Houston Unlimited*, 443 S.W.3d at 832–33, and *Burbage*, 447 S.W.2d 3d at 262. Moreover, the Texas Supreme Court may soon elaborate upon the "clear and specific evidence" standard discussed in *In re Lipsky*. Regardless of the outcome, it is almost certain that the Fort Worth Court of Appeals' decision is not the last word on the matter, and should not be relied upon by this Court.

Partners *may* have earned between the years 2013–2018 *if* they expanded into the Rio Hondo region and *if* they obtained over half the market share of grease and grit (CR 781). The Texas Supreme Court has instructed courts to "rigorously examine the validity of the facts and assumptions on which expert testimony is based." *Houston Unlimited*, 443 S.W.3d at 832–33. Under proper scrutiny, it is clear this testimony based on several assumptions and leaps in logic is no evidence of future loss. *Id.*

Mr. Mayfield's affidavit on past damages is also insufficient to constitute any evidence, let alone "clear and specific evidence," of damages necessary to avoid dismissal of Partners' tortious interference and business disparagement claims. Mr. Mayfield assumes that the loss Partners allegedly incurred is attributable to Texas Campaign for the Environment, and not, as the City Attorney stated, changes in administration and personnel and activities of the local community.

In short, Mr. Mayfield's self-serving, conclusory affidavit, expressly based on assumptions and scant estimations, is not competent evidence of either past or future damages. *See Houston Unlimited*, 443 S.W.3d at 832–33 (holding that opinion testimony on damages founded on assumptions not supported in the record

26

constitute no evidence).[9] This provides yet another basis upon which to dismiss Partners's tortious interference and business disparagement claims.

## VII. Conclusion

Partners has not met its burden to produce clear and specific evidence, or any evidence, on each essential element of its claims to overcome dismissal. And in this Court, Partners wholly ignores most of the evidence and majority of arguments that Texas Campaign for the Environment properly raised in its Appellants' Brief. In sum, because Partners has not shown evidence to support its theories of proximate causation and damages or falsity and malice, both its tortious interference and business disparagement claims must fail as a matter of law.

Accordingly, Texas Campaign for the Environment requests that this Court reverse the trial court's denial of its Motion to Dismiss under the Act, render judgment dismissing all of Partners's claims with prejudice, and remand this action to the trial court for an award of costs and attorney's fees incurred Texas Campaign for the Environment in defending this lawsuit.

---

[9] Curiously, Partners relies on *Sierra Club v. Andrews County*, 418 S.W.3d 711, 719–20 (Tex. App.—El Paso 2013, pet. filed), to support its argument that Mr. Mayfield's affidavit is sufficient to prove damages. Yet that case specifically holds that a damages expert's conclusory affidavit without supporting evidence of objective facts relied upon does not constitute "clear and specific evidence." *Id.* at 720. *Sierra Club* only further supports Texas Campaign for the Environment's argument that Mr. Mayfield's affidavit is not competent evidence to establish by clear and specific evidence that Partners sustained "actual loss."

27

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Sara Berkeley Churchin
  Sara Berkeley Churchin
  State Bar No. 24073913
  E-mail: schurchin@thompsoncoe.com
  Wade C. Crosnoe
  State Bar No. 00783903
  E-mail: wcrosnoe@thompsoncoe.com
  Stephanie S. Rojo
  State Bar No. 24041815
  E-mail: srojo@thompsoncoe.com
  Jessica L. Kirker
  State Bar No. 24075240
  E-mail: jkirker@thompsoncoe.com

701 Brazos, Suite 1500
Austin, TX 78701
Telephone:  (512) 703-5035
Facsimile:  (512) 708-8777

AND

  Jaime A. Saenz
  State Bar No. 17514859
  Email: ja.saenz@rcclaw.com
  Lecia L. Chaney
  State Bar No. 00785757
  Email: ll.chaney@rcclaw.com

COLVIN, CHANEY, SAENZ & RODRIGUEZ,  LLP
1201 E. Van Buren
P.O. Box 2155
Brownsville, Texas 78522-2155
Telephone: 956-542-7441
Facsimile: 956-541-2170

Counsel for Appellants Texas Campaign for the Environment and Robin Schneider

28

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limit of Tex. R. App. P. 9.4(i)(2)(B) because it contains 6,708 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Sara Berkeley Churchin
Sara Berkeley Churchin

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Appellants' Reply Brief was served on February 23, 2015, via electronic service or email to the following counsel:

Keith W. Lapeze
Email: keith@lapezejohns.com
The Lapeze Firm, P.C.
601 Sawyer Street, Suite 650
Houston, Texas 77007
Attorney for Appellee

Frank Costilla
Law Office of Frank Costilla
5 E. Elizabeth Street
Brownsville, Texas 78520
Attorney for Appellee

/s/ Sara Berkeley Churchin
Sara Berkeley Churchin