FORT BEND CENTRAL APPRAISAL DISTRICT and the Fort Bend Appraisal Review Board, Appellants,

v.

HINES WHOLESALE NURSERIES, Appellee.

No. 6-92-063-CV.

Court of Appeals of Texas, Texarkana.

Dec. 15, 1992.

Rehearing Overruled Jan. 5, 1993.

Michael J. Siwierka, Calame Linebarger Graham & Pena, Houston, Dexter D. Joyner, Law Offices of Dexter D. Joyner, Pasadena, for appellants.

Scott Breen, San Antonio, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

The Fort Bend Central Appraisal District and the Fort Bend Appraisal Review Board appeal the entry of a summary judgment against them in Hines Wholesale Nurseries' claim to reduce its 1982 tax appraisal. The central issue on appeal is whether the trial court erred in basing its summary judgment on a deemed admission that Hines' 1982 appraisal was the result of a clerical error. The determination that an error is clerical in nature is a question of law and, thus, not subject to resolution by a deemed admission. Therefore, we reverse the judgment and remand the cause to the trial court.

For the year 1982, Hines rendered its property at the full market value of $7,159,658.00. The appraisal district appraised Hines' property as Hines rendered it. The appraisal district then notified Hines of the appraisal value of its property and explained Hines' rights to protest the appraised value. After the 1982 appraisal rolls were certified and Hines' administrative review rights had expired, Hines sent three letters requesting a revision of the

1982 appraisal to reflect an exemption for nursery stock. Hines requested that the revised 1982 appraisal be $172,767.00. Hines did not request a hearing before the appraisal review board or attempt to present evidence on its request. In response to the second letter, Harris Watson, Director of Appraisals and Quality Control, notified Hines that its letter had been reviewed and that no action to correct the 1982 appraisal would be taken.

Hines sued the appraisal district and the appraisal review board on September 26, 1985. Hines sought to compel the district and the board to lower the 1982 appraisal pursuant to Tex.Tax.Code Ann. § 25.25(c).[1] Section 25.25 prohibits alterations in a certified appraisal roll, but allows post-certification changes at any time to correct clerical errors and remedy multiple appraisals of a single property in one year.[2] *See Liland v. Dallas County Appraisal Dist.*, 731 S.W.2d 109, 112 (Tex.App.—Dallas 1987, no writ).

On July 2, 1986, Hines served requests for admission on the appraisal district and the review board. Among the requests,

Hines asked that the district admit that, due to a clerical error, the appraisal district did not allow the nursery stock in the first-growth stage exemption for plaintiff's property for the 1982 ad valorem tax year. The appraisal district and the review board did not respond to the requests, which in turn were deemed admitted. The trial court denied the district and the board's motion for summary judgment and granted Hines' motion for summary judgment.

■ The district and the board's admission that the 1982 appraisal was the result of a clerical error is of little consequence because that is a question of law, not of fact. *See Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687 (Tex.App.—Corpus Christi 1990, no writ). Whether an appraisal error was clerical was a purely legal question, analogous to deciding whether an error in a judgment could be corrected with a judgment nunc pro tunc. *Id.* at 693–94. A request for admission may ask a party to admit or deny an issue of fact or a mixed issue of fact and law, but not a purely legal issue. *See, e.g., Esparza v. Diaz*, 802

1. Section 25.25 provides:
   (a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.
   (b) The chief appraiser may change the appraisal roll at any time to correct a name or address, a description of property, or a clerical error that does not affect the amount of tax liability.
   (c) At any time, the appraisal review board, on motion of the chief appraiser, or of a property owner may direct by written order changes in the appraisal roll to correct:
   (1) clerical errors that affect a property owner's liability for a tax; or
   (2) multiple appraisals of a property in a single tax year.
   (d) The chief appraiser shall certify each change made as provided by this section to the assessor for each unit affected by the change within five days after the date the change is entered.
   Tex.Tax Code Ann. § 25.25 (Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 25.25, 1979 Tex.Gen. Laws 2276, *amended by* Act of August 6, 1981, 67th Leg., 1st C.S., ch. 13, § 113, 1981 Tex.Gen. Laws 162. All cites to Section 25.25 refer to the version applicable to this case.

2. Neither party directly questions whether the appraisal review board's decision under Section

25.25(c) is subject to judicial review. A reading of Section 25.25 in conjunction with Chapters 41 and 42, however, suggests that judicial review is not available. Generally, a certified appraisal roll may not be changed. Tex.Tax Code Ann. § 25.25(a). Section 25.25 goes on to make specific exceptions when either the chief appraiser or the appraisal review board can make changes in the appraisal roll. Section 25.25 grants no authority to any type of court to change a certified appraisal roll. There is also no provision made for judicial review of a decision by a chief appraiser or an appraisal review board under Section 25.25.

By contrast, Chapter 41 explains how a taxpayer can prosecute an administrative protest to an appraisal. Tex.Tax Code Ann. § 41.01, *et seq.* (Vernon 1992). Chapter 42 is dedicated entirely to how administrative decisions under Chapter 41 can be reviewed by the courts. Tex.Tax Code Ann. § 42.01, *et seq.* (Vernon 1992).

The only reported case constituting judicial review of an appraisal review board's Section 25.25(c) decision did not address the question of whether judicial review is proper under that section. *See Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687 (Tex.App.—Corpus Christi 1990, no writ).

Since neither party challenges the availability of judicial review, however, we need not decide this issue.

S.W.2d 772, 775 (Tex.App.—Houston [14th Dist.] 1990, no writ); *see also* TEX.R.CIV.P. 169(1). A deemed admission of a purely legal issue is of no effect.

The trial court may not have based its decision solely on the deemed admission, however. It is possible that the trial court resolved this issue based on the other summary judgment evidence. Nonetheless, a trial court's decision on whether an error is clerical is not binding on a reviewing court. *See Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1968) (orig. proceeding).

■ In *Conquest,* the Matagorda County Appraisal District had based Conquest's property value assessment on a greater percentage of mineral interest than Conquest actually owned. 788 S.W.2d at 693. Conquest argued that this error was clerical in nature and, thus, subject to correction pursuant to Section 25.25(c). *Id.* The court, however, noted that the Texas Property Tax Board had said that correcting clerical errors did not represent changes in thought or decision, but merely conformed the tax roll to what the review board in good faith intended to approve. *Matagorda County Appraisal Dist. v. Conquest Exploration Co.,* 788 S.W.2d at 693, *citing* TEX.PROP.TAX BOARD, Text No. 325, Property Tax Law 75 (Oct.1984); *see also* Farley P. Katz & Charles J. Muller, III, *Procedural Rights and Remedies Under the Texas Property Tax Code—A Guide to the Code, Recent Amendments, and Developing Case Law,* 18 ST. MARY'S L.J. 1209, 1217 (1987).

The *Conquest* definition of clerical error has been confirmed by the legislature. In 1991, the legislature amended the Tax Code definitions section to include the following definition of clerical error:

"Clerical error" means an error:

(A) that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating; or

(B) that prevents an appraisal roll or a tax roll from accurately reflecting a finding or determination made by the chief appraiser, the appraisal review board, or the assessor; however, "clerical error"

does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination.

TEX.TAX CODE ANN. § 1.04 (Vernon 1992).

Ordinarily, when a trial court grants summary judgment and the losing party successfully appeals, the reviewing court remands the case for a new trial. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (orig. proceeding) (per curiam). An exception exists, however, when both parties move for summary judgment and the trial court grants one motion and denies the other. In such situations, the reviewing court may consider all issues presented, reverse the trial court judgment and render the judgment the trial court should have rendered. *Id.*

■ The appraisal district and the review board filed a motion for summary judgment contemporaneously with Hines' motion for summary judgment. The trial court granted Hines' motion and denied the others. In this instance, we have determined that the trial court erred in granting Hines' motion for summary judgment. We are unable to say, however, that the court erred in denying the other motions for summary judgments. Neither of those motions were based upon the premise that the error by the board, if any, was not clerical in nature as a matter of law. Because of this, the underlying facts necessary for a determination of the legal question of whether any error was clerical in nature were not sought to be established by summary judgment proof.

The judgment is reversed, and the case is remanded for trial.