**H.E. BUTT GROCERY COMPANY, Appellant,**

v.

**Armando PAIS and Rose Marie Pais, Appellees.**

**No. 04–96–00846–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 1, 1997.

Thomas W. Gendry, Gendry & Sprague, P.C., San Antonio, Wallace B. Jefferson, Sunny J. Jansma, Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellant.

F. Terry Callahan, Law Office of F. Terry Callahan, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and ANGELINI and SHIRLEY W. BUTTS (Retired),[1] JJ.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

**OPINION**

SHIRLEY W. BUTTS, Justice (Retired).

H.E. Butt Grocery Company (H.E.B.) appeals from a judgment in favor of Armando and Rose Marie Pais (Pais), plaintiffs below, contending that the trial court erred in vacating the judgment in its favor based on the jury's verdict and rendering a "reformed" judgment in favor of Pais.

H.E.B. advances five points of error: that the trial court erred in vacating the judgment and rendering judgment for Pais because H.E.B. is entitled to a take nothing judgment; that the reformed judgment is error because, as a matter of law, the trial court had no authority to transpose the comparative responsibility percentages found by the jury; that, as a matter of law, the court erroneously admitted post-verdict juror affidavits, concluding the affidavits constituted a sufficient legal basis for vacating the final judgment and entering the reformed judgment; that the trial court erred in denying its motion to strike the juror affidavits because the affidavits are insufficient as a matter of law to constitute jury misconduct or unanimous clerical error, and they impermissibly impeach the jury's verdict; and, in the alternative, that the trial court erred in rendering judgment based on unanimous clerical error because the record refutes unanimity regarding alleged error in the jury's verdict.[2] We will reverse and render.

This is a slip and fall case alleged to have occurred at an H.E.B. store. Pais sought actual and exemplary damages, based on theories of negligence and deceptive trade practices. At the close of evidence in the 1996 trial, the court submitted a negligence charge with questions on liability, comparative responsibility, and damages. The jury found both parties negligent in question 1 and answered question 2:

*Question No. 2*

What percentage of the negligence that caused the occurrence or injury do you

find to be attributable to each of those found by you, in your answer to Question No. 1, to have been negligent?

The percentages you find must total 100 percent. The negligence attributable to anyone named below is not necessarily measured by the number of acts or omissions.

| | | |
|---|---|---|
| a. | H.E. Butt Grocery Company | 49% |
| b. | Armando Pais | 51% |
| | Total | 100% |

Although the court instructed that the jury was not required to answer question 3, the jury found damages in the sums of $35,000 for Armando and $2,000 for Rose Marie. Eleven jurors signed the verdict. One juror, Sandra R. Garza, did not sign. The trial judge read the verdict in open court, specifically reciting to the jury the finding of each party's percentage amount of negligence. There was no contradiction, and the jurors were silent. *See Jones v. Square Deal Cab Co.*, 506 S.W.2d 855, 856 (Tex.1974) (juror's assent to verdict is assumed by jurors' silence when court questions accuracy of verdict). Nor did either party request that the jury be polled. After confirming the 11 to 1 jury verdict, the court received it and excused the jury.

On June 4, 1996, at the request of H.E.B., the trial court signed the take nothing judgment in favor of H.E.B. pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 33.001 (Vernon 1997), which provides that a claimant may not recover damages if his percentage of responsibility is greater than 50 percent. *See* TEX.R. CIV. P. 301 (judgment must conform to verdict).

Thereafter, Pais filed a motion for new trial and also for reformation of the jury verdict, maintaining that the jury committed a unanimous clerical mistake in rendering its verdict. Although asking for a new trial, Pais maintained that the trial court should reform the judgment because Pais would lose the benefit of the verdict in Pais's favor:

---

2. Although Pais contends error was not preserved for appeal, the record reflects that H.E.B. preserved error. H.E.B. filed its motion to enter judgment upon the jury's verdict, objected to the Pais affidavits as an attempt to impeach the

verdict, moved to strike the affidavits because the jurors had rendered a proper verdict (motion denied by court), and appeared and argued against reformation of the judgment.

It would not be just to take away from them by new trial that verdict of the jury which was not written properly due to a pure and simple clerical error by the jury foreman....[T]o blanketly grant them a new trial and not reformation of the verdict would be a reproach upon the administration of justice should the plaintiffs lose the benefit of a trial and jury verdict in their favor by the mere mistake of the jury foreman in writing or reporting to the court the incorrect result of the negligence findings by the jurors in this case.

### Unanimity of the Verdict

■ Pais obtained and presented to the court 10 juror affidavits from 10 of the 11 jurors who signed the verdict. Pais also submitted the affidavit of juror Garza, who had not signed the verdict. No affidavit of the 12th juror (one of the original 11 signers) was obtained.

Nine of those jurors made identical affidavit requests:

I respectfully request that the [trial court] correct the clerical error on the percentage of negligence finding on Question No. 1(sic) of the Court's charge to reflect my finding that H.E. Butt Grocery Company was 51% negligent and Armando Pais was 49% negligent. My vote and answer was not written correctly to Question No. 1(sic) on page six of the Charge of the Court in the aforementioned lawsuit and needs to be corrected. Had I known that Question No. 1(sic) was not filled in correctly as I have stated here I would not have signed the certificate on page nine of the Court's Charge.

The foreman of the jury, Ybarra, averred he made a clerical error in transcribing the percentage of negligence and asked that the clerical error be corrected. Juror Garza stated that Ybarra made a clerical mistake. Although the original verdict reflects that Garza did not participate in the verdict, she also averred that her "vote and answer was not written correctly to Question No. 1(sic) on page six of the Charge of the Court in the aforementioned lawsuit and needs to be corrected."

The trial court indicated it would reform the judgment. Before the modified judgment was entered, H.E.B. had moved to strike the Pais jurors' affidavits, which was denied. H.E.B. filed the controverting affidavits of jurors Cazares and Garanzuay. They were two of the 11 who signed the verdict, and who had also initially signed the Pais jurors' affidavits noted above. Both of the H.E.B. affidavits declared:

According to my recollection and belief it was the intention of the jury for Mr. Pais to receive some compensation as reimbursement for his medical expenses. We gave Mr. Pais a higher percentage of negligence so that he would receive something, but not all that he asked for. [Cazares added that she wanted to give Pais more, "but we all agreed that we would go with less."]

The court set aside the original judgment and signed the modified judgment, decreeing that the jurors' answer to question two was corrected to reflect that H.E.B. was 51% liable and Pais was 49% liable. The court ordered that H.E.B. pay Armando the sum of $23,162.14 and $1,367.26 to the wife.

We hold that Pais failed to demonstrate unanimity. One of the original 11 jurors did not appear either in person or by affidavit (juror Espinoza). Further, two of the original jurors recanted their affidavits and stated without reservation that the jurors gave Pais a higher percentage of negligence, believing he would recover some but not all he asked for.

■ "Clerical mistakes may be shown only if the verdict returned is contrary to the unanimous verdict of the jury." *Stone v. Moore*, 442 S.W.2d 746, 750 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). The law does not permit the jurors to testify that the verdict is contrary to the findings of some, but not all, of the jurors. Therefore, because there was not a unanimous mistake of the jury in the nature of a clerical error, Pais was not entitled to relief. *See Hoffman v. Deck Masters, Inc.*, 662 S.W.2d 438, 442 (Tex.App.—Corpus Christi 1983, no writ).

## Clerical or Judicial Error

The court in *Burchfield v. Tanner*, 142 Tex. 404, 178 S.W.2d 681 (1944) stated the applicable law:

It is the established rule that relief may be had from the unanimous mistake of the jury in the nature of a clerical error in announcing or transcribing its verdict already arrived at, but it is equally well established that such mistake must always be one of that nature as contradistinguished from a mistake in the interpretation of the evidence, or of the charge of the court, or of the legal effect of the answers, or of some other similar mistake. *Caylat v. Houston E. & W.T. Ry. Co.*, 113 Tex. 131, 252 S.W. 478 (1923).

The jurors in this case did not instruct the foreman to write 60,000 pounds [rather than the one the jurors later attested they intended] in answer to [the special issue], and the foreman made no mistake in transcribing the verdict; the mistake was made by all of the jurors in misinterpreting the language of the issue ... The answer resulted from confusion and misunderstanding and not from a clerical error in incorrectly transcribing the answer agreed upon.

*Burchfield*, 178 S.W.2d at 683.

■ Moreover, even if the error in this case is clerical, the *Caylat* rule provides that after a jury has been discharged and its members have separated, the only remedy for a mistake in the nature of a clerical error in transcribing a verdict is to set aside the verdict and grant a new trial. *See Caylat*, 252 S.W. at 483. That is the only relief the court is authorized to grant. *Burchfield*, 178 S.W.2d at 683. Once the jury has been discharged and the members separated, as in the present case, and after the court is satisfied by a clear showing that there has been a *unanimous clerical error*, it may grant a new trial.

■ Clerical errors are mistakes or omissions that prevent the judgment as entered from reflecting the judgment as rendered. *Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex.1986); Tex.R. Civ. Proc. 316. Therefore, to be subject to correction as a clerical error, the judgment must incorrectly state the judgment actually rendered. *Delaup v. Delaup*, 917 S.W.2d 411, 413 (Tex. App.—Houston [14th Dist.] 1996, no writ). Whether the errors in the original judgment are judicial or clerical is a question of law. *See* 5 Roy W. McDonald, Texas Civil Practice § 27.20(b) (1992).

■ A clerical error must be distinguished from an error resulting from a misinterpretation of the testimony, the charge, or the legal consequences of the verdict; for if the jurors' error be one of these misinterpretations, an examination of their mental processes would be improper under the rule that the jurors will not be allowed to impeach their verdict. 4 Roy W. McDonald, Texas Civil Practice § 25.17(d) (1992); Tex.R. Civ. P. 327; *Hoffman*, 662 S.W.2d at 443.

■ An error in the rendition of judgment is judicial error. Even an unintended rendition of judgment does not constitute an error in the entry or recording of the judgment. *See Thompson v. Tex. Dep't of Human Resources*, 859 S.W.2d 482, 484 (Tex.App.—San Antonio 1993, no writ); *West Texas State Bank v. General Resources Management Corp.*, 723 S.W.2d 304, 306 (Tex.App.—Austin 1987, writ ref'd n.r.e.) (amendment of judgment changing name of party affected by judgment was improper correction of judicial error). An incorrectly rendered judgment cannot be altered when the written judgment precisely reflects the incorrect rendition. *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex.1986).

■ Such is the case here. The original judgment correctly stated the judgment actually rendered. The judgment for H.E.B.'s and Pais's percentage of responsibility for negligence, reflecting the jury verdict of 51% for Pais and 49% for H.E.B., was a determination on the merits affecting the substantive rights of the parties. Thus, the amendment of the judgment was an improper correction of a judicial error. While the mistake may have resulted from the jury's confusion, misunderstanding, or misinterpretation of the instructions or of the evidence, the mistake is one of judicial, not clerical, error. As such, it

was not subject to correction by an amended judgment.

In *Shelby v. Shelby*, 517 S.W.2d 696 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.), the defendant learned after trial concluded and the jury was dismissed that the jury intended but failed to subtract a certain sum from the damages awarded plaintiff. The defendant filed a motion for new trial, but the trial court entered a nunc pro tunc judgment for the lesser amount. The appellate court wrote:

> [T]he error may only be determined by an examination of facts dehors the record which requires the exercise of a judicial function by the trial court. The jury's verdict sets forth the amount which it determined ... and the trial court had no power to correct by entry nunc pro tunc any error in its verdict.

*Id.* The record in the present case could not furnish a basis to correct the alleged mistake or show there was a mistake. The record reflects the fact findings of the jury, and judgment was rendered on those findings. Therefore, such a correction would be the making of a new verdict by the trial court. *See id.* (citing *Missouri Pac. Ry. Co. v. Haynes*, 82 Tex. 448, 18 S.W. 605 (1891)). For the foregoing reasons, we sustain the points of error.

### Cross–Point

By cross-point, Pais argues that the trial court was correct in reforming the judgment instead of granting a new trial because of H.E.B.'s judicial admission that this was clerical error. In the alternative, it is contended that Pais should have been granted a new trial because a new trial would have been granted but for H.E.B.'s judicial admission to reform the judgment.

A judicial admission results when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts. *Gevinson v. Manhattan Construction Co. of Okl.*, 449 S.W.2d 458, 466 (Tex.1969). A party may not judicially admit a question of law. *Pierce v. Pierce*, 850 S.W.2d 675, 679 (Tex.App.—El Paso 1993, writ denied); *Fort Bend Central Appraisal Dist. v. Hines Wholesale Nurseries*, 844 S.W.2d 857, 858 (Tex.App.—Texarkana 1992, writ denied) (whether error is clerical error is question of law, not of fact, and admission is of no effect).

At the hearing on the Pais motion for new trial and/or reformation of the judgment, Pais pressed for reformation. The trial court had indicated it would grant a new trial. H.E.B.'s counsel mentioned the difficulty in appealing the granting of a new trial and conceded to reformation rather than granting a new trial, urging that the question of law regarding the reformation of the judgment should be decided on appeal. This was not a judicial admission. Rather, it was a strategy method to preserve an appeal on the question of law. H.E.B.'s statements did not preclude the court from ordering a new trial. Pais did not insist upon a new trial instead of reformation. The cross-point is overruled.

The cause is reversed and judgment is rendered that the take nothing judgment in favor of H.E.B. be reinstated.