Opinion issued January 29, 2009









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00692-CV






ROGER L. ELLIOTT and TRACY DEHMER ELLIOTT, Appellants


V.


JOHN PAUL NEWSOM and JPN PROPERTIES, Appellees






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2006-25991






MEMORANDUM OPINION


 Appellants, Roger L. Elliott and Tracy Dehmer Elliot, appeal from a summary
judgment granted in favor of appellees, John Paul Newsom and JPN Properties
(collectively "Newsom"). In one issue, the Elliotts contend the trial court erred by
rendering summary judgment for Newsom because (1) the Elliotts' deemed
admissions could not establish a legal conclusion and (2) evidence contradicting the
deemed admissions was admitted without objection. We conclude the trial court
erred by rendering summary judgment in favor of Newsom because the deemed
admissions could not establish a legal conclusion. We reverse the judgment of the
trial court and remand the cause.Background The Elliotts purchased a lot in the Lake Pointe Estates subdivision in Katy. 
Newsom was the real-estate broker for Lake Pointe Estates. The Elliotts' contract
required them to build a house on the lot using an "approved builder." An approved
builder was one who agreed, among other things, to pay Newsom a commission equal
to four percent of the cost of the house.

 The contract states, "See 'Exhibit B,' Paragraph 'D': The Real Estate
Brokerage Fee of 4% of the house contract shall survive the closing of the lot." 
Paragraph D of Exhibit B states,

 [Seller] requires all homes constructed in Lake Pointe Estates
Subdivision to be built by an approved builder. . . . All approved
Builders are required to have an agreement with the Real Estate Broker
for Lake Pointe Estates, John Paul Newsom . . . , and to pay a
commission of four percent (4%) on the house contract. . . . The
undersigned Buyer Understands and Agrees to use the approved
Builders.


 The Elliotts built a house but did not use an approved builder. Neither the
builder nor the Elliotts paid Newsom the four-percent commission. Newsom filed
suit for breach of contract. The Elliotts answered the lawsuit pro se, denying they
owed Newsom the brokerage fee.

 Newsom sent discovery requests to the Elliotts, including the following
requests for admissions:

 Do you admit or deny that on May 29, 2003 you executed a Property
Contract with [Newsom]?


 Admit or deny that under the expressed terms of the contract you owe
4% of the house contract as a commission to [Newsom]?


 Admit or deny that by not paying the commission at closing you
breached the contract terms of the Property Contract that you executed
with [Newsom]?


The Elliotts did not respond to the requests for admissions.

 Newsom moved for summary judgment based on the deemed admissions and
on affidavit testimony. The trial court granted the motion for summary judgment,
awarding Newsom $43,564.51, plus pre- and post-judgment interest and costs.


Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A motion must state
the specific grounds relied upon for summary judgment. Id. In reviewing a summary
judgment, we must indulge every reasonable inference in favor of the nonmovant,
take all evidence favorable to the nonmovant as true, and resolve any doubts in favor
of the nonmovant. Valence Operating Co., 164 S.W.3d at 661. 

Analysis In their sole issue in this appeal, the Elliotts contend the trial court erred by
basing the summary judgment on their deemed admissions because the admissions
are legal conclusions that cannot be used as summary judgment evidence. The
Elliotts contend the contract required the builder, not them, to pay the four-percent
commission to Newsom.

 The primary purpose of requests for admissions is to simplify trials by
eliminating matters about which there is no real controversy. Peralta v. Durham, 133
S.W.3d 339, 341 (Tex. App.--Dallas 2004, no pet.); see also Stelly v. Papania, 927
S.W.2d 620, 622 (Tex. 1996). The rule regarding requests for admissions does not
contemplate or authorize admissions to questions involving points of law. Gore v.
Cunningham, 297 S.W.2d 287, 291 (Tex. Civ. App.--Beaumont 1956, writ ref'd
n.r.e.); see also White v. Watkins, 385 S.W.2d 267, 269 (Tex. Civ. App.--Waco 1964,
no writ) ("[C]onclusions, opinions, and statements of subjective intent . . . should not
be deemed admitted facts."). "[R]esponses to requests for admissions merely
constituting admissions of law are not binding on the court . . . ." Boulet v. State, 189
S.W.3d 833, 838 (Tex. App.--Houston [1st Dist.] 2006, no pet.); see also Jackson
v. Tex. S. Univ.--Thurgood Marshal Sch. of Law, 231 S.W.3d 437, 440 (Tex.
App.--Houston [14th Dist.] 2007, no pet.) (noting "a conclusion of law [is] not
subject to judicial admission"); H. E. Butt Grocery Co. v. Pais, 955 S.W.2d 384, 389
(Tex. App.--San Antonio 1997, no pet.) (holding that party may not judicially admit
question of law); Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries, 844
S.W.2d 857, 859 (Tex. App.--Texarkana 1992, writ denied) ("A deemed admission
of a purely legal issue is of no effect."). 

 "Unambiguous contracts are enforced as written." Chapman v. Abbott, 251
S.W.3d 612, 617 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Heritage
Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996)). The meaning of an
unambiguous contract is a question of law. Seagull Energy E & P, Inc. v. Eland
Energy, Inc., 207 S.W.3d 342, 345 (Tex. 2006); MCI Telecomms. Corp. v. Tex. Utils. 
Elec. Co., 995 S.W.2d 647, 650-51 (Tex. 1999). 

 Here, the contractagreement plainly states that the builders must pay the four-percent commission. The deemed admissions that purport to interpret the agreement
in a different way cannot be given effect because they are contrary to the express
terms of the agreement. The deemed admission that "by not paying the commission
at closing [the Elliotts] breached the contract terms" is a conclusion of law that is not
subject to a judicial admission and is therefore of no effect. See Boulet, 189 S.W.3d
at 838; Jackson, 231 S.W.3d at 440; H. E. Butt Grocery Co., 955 S.W.2d at 389; Fort
Bend Cent. Appraisal Dist., 844 S.W.2d at 859. The deemed admission that "under
the expressed terms of the contract [the Elliotts] owe 4% of the house contract as a
commission to [Newsom]" is also a conclusion of law that cannot serve as a judicial
admission. See Boulet, 189 S.W.3d at 838; Jackson, 231 S.W.3d at 440; H. E. Butt
Grocery Co., 955 S.W.2d at 389; Fort Bend Cent. Appraisal Dist., 844 S.W.2d at 859. 
The only remaining deemed admission admits that the Elliotts entered into the
contract, and that admission is insufficient to support the summary judgment. We
hold that the trial court erred by basing summary judgment on the deemed
admissions.

 We need not address the Elliotts' alternative argument that the contract, which
was included as summary judgment evidence, contradicts the deemed admissions
because it shows the builder must pay the fee rather than the Elliotts, who were
required to merely hire an approved builder.

 We sustain the Elliotts' sole issue.

Conclusion

 We reverse the judgment of the trial court and remand this cause for further
proceedings consistent with this opinion.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.