**Opinion issued April 27, 2017**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-00705-CV

———————————

**JAY COHEN, Appellant**

**V.**

**TOUR PARTNERS, LTD., DENNIS J. WILKERSON, AND EIGHTEEN INVESTMENTS, INC., Appellees**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-68181**

---

## MEMORANDUM OPINION

Tour Partners, Ltd. asserted third-party claims against Jay Cohen related to a failed real estate transaction. Cohen asserted counterclaims against Tour Partners and argued that Tour Partners had participated in a fraudulent transfer of real property. Tour Partners moved for summary judgment on the counterclaims,

arguing that limitation had run. In the course of the summary-judgment proceeding, Cohen made a statement that the trial court treated as a judicial admission. Based on that admission, the trial court entered summary-judgment against Cohen on limitations grounds.[1]

We conclude that the trial court erred in granting summary-judgment on limitations grounds and reverse the summary-judgment order. The trial court has not ruled on the merits of Cohen's counterclaims or on various other defensive arguments raised by Tour Partners. We remand for consideration of those arguments.

**Background**

Jay Cohen once held a one-third ownership interest in property located at 2017 Preston Avenue in Houston. That property has had a complicated history of transferred ownership. The following individuals and entities have asserted an interest in the property in the order they are listed: (1) Jay Cohen, (2) Preston Realty Corporation, which is controlled by Matthew Dilick, (3) Tour Partners, and (4) Ellington F Holdings, LLC.

There has been a great deal of litigation over this property. Cohen has initiated two suits. The first was filed in 2010 against Dilick in the 234th District

---

[1]    At the time the trial court ruled, the summary-judgment order was interlocutory and not appealable. Other aspects of the case were later resolved, allowing Cohen to appeal the summary-judgment order.

Court of Harris County. We refer to it as Suit Number One. The second was filed in 2013 against Tour Partners in the 269th District Court of Harris County. We refer to it as Suit Number Two. While Cohen was asserting claims against Tour Partners in Suit Number Two, Ellington filed Suit Number Three (this suit) against Tour Partners in the 55th District Court of Harris County. Tour Partners tried to consolidate the two suits against it (Suit Number Two and Suit Number Three), but its motion was denied. Thereafter, Tour Partners asserted third-party claims in this suit against Cohen, who added his own counterclaims against Tour Partners. At that point, Cohen had claims against Tour Partners pending in two suits.

Tour Partners moved for summary judgment in Suit Number Two on all Cohen's pending claims. The motion was granted, but it did not fully resolve that case against Tour Partners because Cohen had added a fraudulent-transfer claim while the summary-judgment motion was pending. Later, Cohen nonsuited the fraudulent-transfer claim in Suit Number Two and, on the same day, added it as a counterclaim in Suit Number Three.

Tour Partners moved for summary judgment in Suit Number Three on Cohen's counterclaims. One of its arguments was that the limitations period had expired on those claims. While the summary-judgment motion was pending, Cohen made a statement regarding the document that purported to transfer ownership of the property from Dilick's entity to Tour Partners. The trial court

3

treated Cohen's statement as a judicial admission and, based on that admission, held that limitations had expired and granted Tour Partners summary judgment on that basis.

We discuss below the document Cohen commented on, what Cohen said about it, and the trial court's limited ruling based on Cohen's statement.

**A.  The "deed" and Tour Partners's argument that Cohen's knowledge of the deed began the limitations period for his claims**

In February 2010, a "special warranty deed" was filed in the Harris County Public Records that lists Preston Realty Corporation, a Dilick-controlled entity, as a "grantor," Tour Partners as a "grantee," and the Preston Avenue property as the subject property. It contains the following terms and no more:

| | |
|---|---|
| Date: | February 1, 2010 |
| Grantor: | Preston Realty Corporation [address] |
| Grantee: | Tour Partners Limited [address] |
| Consideration: | Cash and other good and valuable consideration |
| Property: | 2017 Preston, Houston, Texas 77002 consisting of Lots One [and other described areas of real property]. |

The "deed" did not include any statements of conveyance; it described neither the percentage of ownership interest being transferred nor the type of interest to be conveyed (e.g., fee simple, life estate, mineral rights).

4

Cohen found out about this filing in April 2010 but stated that he believed the "deed" was void because it lacked conveyance language.

Tour Partners argued in its summary-judgment motion filed in Suit Number Three that Cohen had sufficient knowledge to begin the limitations period on his claims against it no later than April 2010 when he found out about the document. According to Tour Partners, it was entitled to summary judgment on limitations grounds because Cohen did not assert claims against it in Suit Number Three until November 2014, which was more than four years later. Alternatively, Tour Partners argued that Cohen had no evidence on at least one element of each of his claims, and Tour Partners, therefore, was entitled to summary judgment on no-evidence grounds.

Cohen responded by arguing that the 2010 "deed" did not have any language of conveyance and, therefore, neither the filing of that document nor his knowledge of it could have begun the limitations period on his fraudulent-transfer and other claims. He also requested time to conduct discovery to respond to the no-evidence motion, pointing out that he was added to Suit Number Three after the discovery period had ended.

## B. Cohen's statement

The trial court held a hearing on the summary-judgment motion. The next day, Cohen filed a brief to "correct" his "misinterpretation of law regarding the

nature of [the] 2010 deed." The brief recounted his counsel's earlier statement that the 2010 "deed" had to be treated as a nullity because it lacked the normal language of conveyance. The brief modified the nullity statement to assert that, if the grantor had intended to convey the property through the 2010 "deed," which Cohen always disputed was the intent, then the document would not be a nullity but would instead be, at most, "nothing more than a quitclaim deed":

> The lack of conveyance language does not automatically render the 2010 Deed a nullity (unless that was the intent of the grantor). The lack of language of conveyance in fact renders the 2010 Deed nothing more than a quitclaim deed.

Cohen continued to maintain in his brief, as he had before, that the applicable limitations periods did not begin to accrue until 2013 when a second, "corrected" deed was filed that did contain the necessary language of conveyance.

## C.    The trial court's ruling

In its order granting Tour Partner's summary-judgment motion, the trial court denied Cohen's request to conduct discovery, explaining that the facts "are fully developed, to the extent necessary to rule on [the affirmative defenses]." The trial court then explained the significance it gave to Cohen's post-hearing statement that the 2010 "deed" is "nothing more than a quitclaim deed." The order states in pertinent part as follows:

> Preston Realty purported to convey the Property to [Tour Partners] by way of a "Special Warranty Deed" dated February 4, 2010 (the "2010 Deed.") Cohen points out that this deed does not contain language of

6

conveyance, but *concedes that at a minimum it is a quitclaim deed* (Brief filed by Cohen's counsel on January 21, 2015.)

* * *

A fraudulent transfer claim is extinguished four years after the date of the transfer. Section 24.007(1)(A) states that a transfer of real property occurs when it is perfected as against a third party. Whether a quitclaim or something more, the 2010 Deed was filed of record on February 4, 2010 and thus perfected. It was a "transfer." Cohen's TUFTA claim was filed more than four years later on November 17, 2014. Cohen's fraudulent transfer claim is extinguished.

Cohen admits that he had actual knowledge of the 2010 Deed in April of 2010. For purposes of Cohen's other claims it does not matter whether the 2010 Deed was a nullity, a quitclaim, or something else. His April 2010 actual knowledge was an accrual of all other claims. The Statute of Limitations has run on all such claims.

With this interlocutory order, Cohen's counterclaims were resolved against him in Suit Number Three. Tour Partner's third-party suit against Cohen continued, as did the claims between Ellington and Tour Partners and its co-defendants, Dennis J. Wilkerson and Eighteen Investments, Inc. Because these other claims remained unresolved, the trial court retained jurisdiction and the ability to enter additional orders.

## D.    Tour Partners's second summary-judgment motion

Two months after the interlocutory summary-judgment order, Tour Partners filed a "supplemental motion for summary judgment," arguing that Cohen's counterclaims are barred by res judicata. Tour Partners argued that the summary-judgment it obtained in Suit Number Two on all of Cohen's claims (except the

7

later-filed fraudulent-transfer claim) barred his counterclaims in Suit Number Three and that the fraudulent-transfer claim is also barred because it "aris[es] from the same transaction as his other claims." Tour Partners asked the trial court to "buttress its prior summary judgment order" by granting its supplemental summary-judgment motion.

Cohen filed an objection and response to the supplemental summary-judgment motion, arguing, among other things, that it would be error to grant summary judgment on claims that were no longer pending.

More than twenty days after the motion was filed, the trial court denied the motion on non-substantive grounds, stating that Tour Partners's motion sought an advisory opinion on claims that had already been dismissed and that the trial court declined to issue such an advisory opinion. Thus, while the trial court denied the motion, it did so without ruling on the merits of Tour Partners's res judicata argument or Cohen's defenses to applying res judicata in the context of overlapping litigation.

One month later, all remaining parties nonsuited their claims, making the earlier interlocutory summary judgment final and appealable. Before appealing the judgment against him, Cohen filed a motion for new trial, arguing that he had uncovered "new evidence" that Preston Realty had continued to act as the property owner after purporting to sell the property to Tour Partners through the defective

8

2010 "deed." According to Cohen, this new evidence supported his assertion that the 2010 "deed" was a sham transaction that involved no intention to transfer ownership and did not, in the end, affect his interest in the property. His motion was denied by operation of law, and he appealed the summary judgment against him. Tour Partners cross-appeals the denial of its supplemental motion for summary judgment. We reverse.

## Summary Judgment for Tour Partners on its Limitations Affirmative Defenses

The trial court granted Tour Partners summary judgment on its affirmative defenses. In his first issue, Cohen argues that Tour Partners did not establish its affirmative defenses as a matter of law. We agree.

## A. Standard of review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Under the traditional standard for summary judgment, the movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). The

motion must state the specific grounds relied upon for summary judgment. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment motion, we must (1) take as true all evidence favorable to the nonmovant, and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Once a defendant moving for summary judgment establishes all of the elements of an affirmative defense as a matter of law, the burden of production shifts to the non-movant to defeat the defendant's affirmative defense. *See EPGT Tex. Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 335 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). The non-movant's response will defeat a facially valid affirmative defense if it (1) demonstrates that the motion's legal position regarding the affirmative defense is unsound, (2) raises a fact issue on the elements of the affirmative defense, or (3) sets forth a counter-affirmative defense to the affirmative defense. *See Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 295 (Tex. 2010) (holding that when movant defendant proved statute of limitations affirmative defense burden shifted to non-movant to raise fact issue on lack of reasonable opportunity to discover and bring suit within limitations period); *G.C. Bldgs., Inc. v. RGS Contractors, Inc.*, 188 S.W.3d 739, 742 (Tex. App.—Dallas 2006, no pet.) (stating that if defendant establishes affirmative

defense in a summary judgment motion, "the burden then shifts to the party opposing the motion to raise a genuine issue of material fact or show the defendant's legal position is unsound"); *see also* TEX. R. CIV. P. 94 (including statute of limitations as affirmative defense).

If the non-movant asserts a counter-affirmative defense to overcome the established affirmative defense, the non-movant must provide summary judgment evidence to raise a fact issue for each element of the counter-affirmative defense. *See Rabe v. Dillard's Inc.*, 214 S.W.3d 767, 768 (Tex. App.—Dallas 2007, no pet.).

Given that the trial court based its summary-judgment ruling on Cohen's statement that the 2010 "deed" is "nothing more than a quitclaim deed," for us to determine whether Tour Partners established its affirmative defenses as a matter of law, we must consider the legal effect of Cohen's statement.

## B.  Cohen's statement is not a judicial admission

Cohen's post-hearing brief filed to clarify his position regarding the nature of the 2010 "deed" stated that it was "nothing more than a quitclaim deed." The trial court treated Cohen's statement as an admission that the 2010 "deed" was "at a minimum . . . a quitclaim deed," and, based on that admission, granted summary judgment to Tour Partners.

11

We conclude that the trial court erred by treating Cohen's statement as a judicial admission to meet Tour Partners's burden to establish its affirmative defenses. We do so because a party may not judicially admit issues of law and whether an unambiguous document is a quitclaim deed or some other form of transfer is a question of law.

### 1. Judicial admissions are limited to issues of fact, not law

"A judicial admission results when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts." *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see H.E. Butt Grocery Co. v. Pais*, 955 S.W.2d 384, 389 (Tex. App.—San Antonio 1997, no writ); *Gevinson v. Manhattan Constr. Co. of Okl.*, 449 S.W.2d 458, 466 (Tex. 1969). The elements for establishing that a statement is a judicial admission are

(1) the statement must be made in the course of a judicial proceeding;

(2) it must be contrary to an essential fact or defense asserted by the party;

(3) it must be deliberate, clear, and unequivocal;

(4) it cannot be destructive of the opposing party's theory of recovery or defense; and

(5) enforcing the statement as a judicial admission would be consistent with public policy.

*H2O Sols., Ltd. v. PM Realty Grp., LP*, 438 S.W.3d 606, 617 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Counsel's statements on behalf of a client will be

12

deemed judicial admissions if they satisfy these five criteria. *Seminole Pipeline Co.*, 979 S.W.2d at 740. "The principle of binding a party by his judicial admission should be applied with caution because the effect is that the declarant swears himself out of court." *Id.*

"A party may not judicially admit a question of law." *Pais*, 955 S.W.2d at 389; *see Jackson v. Tex. S. Univ.-Thurgood Marshall Sch. of Law*, 231 S.W.3d 437, 440 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see also Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries*, 844 S.W.2d 857, 858–59 (Tex. App.—Texarkana 1992, writ denied) (holding that question of whether error is clerical error is question of law, not fact, and admission is of no effect).

### 2. The correct legal classification of the 2010 "deed" is a legal question

A quitclaim deed is a "deed that conveys a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid." *Quitclaim Deed*, Black's Law Dictionary (10th ed. 2014); *see Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 486 & n.12 (Tex. 2005) (comparing warranty deed that conveys property to quitclaim deed that conveys grantor's rights in that property). Absent an ambiguity, the construction of a deed, like contracts generally, is a question of law. *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). "In deciding whether an instrument is

13

a quitclaim deed, courts look to whether the language of the instrument, taken as a whole, conveyed property itself or merely the grantor's rights." *Newton*, 161 S.W.3d at 486; *see Roberts v. Corbett*, 265 S.W.2d 127, 128 (Tex. Civ. App.—Galveston 1954, writ ref'd) (describing court's determination that deed was quitclaim deed as "conclusion[] of law"). The underlying issue of whether an instrument is ambiguous also presents a question of law. *See Coker*, 650 S.W.2d at 394.

There is no ambiguity in the language of the 2010 "deed." While the document identifies a grantor and a grantee and describes land, it contains no provision to transfer any ownership interest or rights from the grantor to the grantee. There is no conveyance language that could be considered ambiguous because it is wholly absent from the document. Because the terms of the document are unambiguous, the issue of whether the 2010 "deed" operates as a quitclaim deed is a question of law.

### 3. Cohen cannot judicially admit a question of law

Cohen's concession that the instrument is "nothing more than a quitclaim deed"—which the trial court treated as an admission that it is "at a minimum . . . a quitclaim deed"—addressed a question of law and, therefore, does not have the legal effect of a judicial admission. *Pais*, 955 S.W.2d at 389; *Fort Bend Cent. Appraisal Dist.*, 844 S.W.2d at 859 (admission of question of law "is of no

effect"). As such, and contrary to the trial court's ruling, the statement, standing alone, cannot satisfy Tour Partners's burden to prove its affirmative defenses.

To the extent the trial court granted summary judgment because it treated Cohen's statement as a judicial admission, the court erred. We turn next to whether the 2010 instrument is a deed capable of affecting Cohen's interest in the property, regardless of Cohen's characterization of the instrument, so that knowledge of the instrument in 2010 would have begun the limitations period on Cohen's claims.

## C. The 2010 instrument is not a deed as a matter of law

By statute, a deed "must be in writing and must be subscribed or delivered by the conveyor or the conveyor's agent." TEX. PROP. CODE § 5.021. There are no formal or technical requirements for an instrument to qualify as a deed, but it must "contain the essential characteristics of a deed." *Gordon*, 352 S.W.3d at 43; *see Green v. Canon*, 33 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). To be a legally effective conveyance, there are four "essential characteristics of a deed," the second of which is critical here:

(1)    a grantor and grantee can be ascertained from the instrument as a whole;

(2)    there are operative words of grant showing the grantor's intention to convey to the grantee title to a real property interest;

(3)    the property is sufficiently described; and

(4)    the instrument is signed and acknowledged by the grantor.

*Gordon*, 352 S.W.3d at 43.

Under the second essential element, a document can operate as a deed only if it conveys an interest in property. *See id.*; *see also Deed*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "deed" as "written instrument by which land is conveyed"). Without operative words of grant showing the grantor's intention to convey an interest in property to the grantee, an instrument is not a deed. *See Gordon*, 352 S.W.3d at 44. Words of grant are necessary because, without them, it would not be possible to determine what portion of ownership (e.g., 100% versus something less) or type of ownership interest (e.g., fee simple versus, for example, a limited mineral interest or an easement) is being conveyed.

Although the 2010 document lists a grantor and grantee, identifies the Preston Avenue property, and is signed by the grantor, it does not contain any operative words of grant. While there is no "magic language" or particular terms that must be used, the 2010 document contains no words of conveyance except for the words "grantor" and "grantee"—neither of which describes or identifies what interest is conveyed. Because the document unambiguously fails to convey title and fails to identify any interest in the described property that is conveyed to Tour Partners, as a matter of law, it is not a deed. *See id.* at 43–44; *Green*, 33 S.W.3d at 858–59.

Next, we consider whether Tour Partners established a right to judgment on limitations grounds on each of Cohen's counterclaims that was not dependent on the 2010 instrument qualifying as a deed through judicial admission or otherwise.

**D.    Tour Partners did not establish a right to judgment on limitations grounds on Cohen's counterclaims**

The trial court ruled that Cohen's fraudulent transfer, unjust enrichment, and fraud counterclaims had extinguished before he raised them.

### 1.    TUFTA claim

Cohen asserted a claim under the Texas Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM. CODE §§ 24.001–.013. The purpose of TUFTA is to prevent a debtor from fraudulently placing assets beyond its creditor's reach "with actual intent to hinder, delay, or defraud" the creditor. *Id.* § 24.005(a)(1); *Corpus v. Arriaga*, 294 S.W.3d 629, 634 (Tex. App.—Houston [1st Dist.] 2009, no pet.). A creditor may obtain a judgment directly against the debtor or, instead, against a TUFTA transferee. TEX. BUS. & COM. CODE § 24.009 (allowing TUFTA suit against transferee).

A TUFTA claim extinguishes four years after a debtor fraudulently transfers an asset. *Id.* § 24.010(a)(1). If four years have lapsed, the creditor's claim can be extended one year from the date that the transfer "was or could reasonably have been discovered" by the challenging creditor. *Id.*

17

The key date for determining whether a TUFTA claim has expired is the date of "transfer," which is defined to include "every mode . . . of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." *Id.* § 24.002(12). A "transfer is made . . . when the transfer is so far perfected that a good faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee . . . ." *Id.* § 24.007(1)(A). In other words, Preston Realty would have made a "transfer" to Tour Partners when the transaction reached the point that any subsequent, good-faith purchaser attempting to buy the property from Preston Realty could not obtain an interest superior to that held by Tour Partners. *See Corpus*, 294 S.W.3d at 635. A "transfer" is made, for Section 24.007 purposes, "when a deed is recorded." *Id.*

Tour Partners argues that the 2010 "deed" qualifies as a "transfer" under TUFTA because a debtor that conveys his interest in real property to a transferee through a quitclaim deed fully transfers all interest he may have in the property and a later-in-time purchaser would be unable to take an interest superior to that of the transferee. *See* K.A. Dreschler, Annotation, *Rights or Interests Covered by Quitclaim Deed*, 162 A.L.R. 556, 557 (1946) (stating "general rule" that "quitclaim deed passes all right, title, and interest which the grantor has at the time of making

the deed which is capable of being transferred by deed, unless a contrary intent appears, and it transfers nothing more").

We have already concluded that the 2010 instrument is not a quitclaim deed or any other form of valid deed. It transferred nothing. As a result, the 2010 "deed" cannot be said to have transferred to Tour Partners anything that then became unavailable to transfer to a later-in-time purchaser. The deed does not qualify as a TUFTA "transfer" to begin the four-year claim period.[2] The trial court erred by concluding that the TUFTA claim expired four years after this "deed" and by awarding summary judgment to Tour Partners on that basis.

---

[2]    Our dissenting colleague suggests that Tour Partners's 2013 "Special Warranty Deed of Correction and Ratification" may relate back to the date that the 2010 "deed" was filed in a manner that would allow Cohen's TUFTA claim to expire four years after the 2010 filing even though the 2010 filing was not a valid deed and transferred nothing, relying on Property Code section 5.030. *See* Dissent at 17–18; *see also* TEX. PROP. CODE § 5.030. But Tour Partners has not relied on Section 5.030 as a basis for arguing that Cohen's claims expired. Nor has Tour Partners argued that the changes made through the 2013 "deed of correction and ratification" qualify under Section 5.028 or 5.029 to invoke Section 5.030's relation-back provision or, if they do, that they do not also invoke a statutory exception to that relation-back provision, which no party has briefed to the trial court or this Court. *See* TEX. PROP. CODE §§ 5.027–.030. A relation-back argument that was never articulated by any party or briefed on appeal cannot insulate the trial court's erroneous judgment from reversal. *See* TEX. R. APP. P. 38.1(i) (requiring appellate brief to contain argument with appropriate citations to authorities and record); *see also* TEX. R. CIV. P. 166a(c) (requiring that issues be "expressly set out" to support summary judgment); *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam).

19

## 2. Unjust enrichment

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "A key element of unjust enrichment is that the person sought to be charged wrongly secured or passively received a benefit." *Ahmed v. Shah*, No. 01-13-00995-CV, 2015 WL 222171, at *5 (Tex. App.—Houston [1st Dist.] Jan. 15, 2015, no pet.) (mem. op.).

"Generally, a cause of action accrues when a wrongful act causes a legal injury." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (per curiam); *see Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004); *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 719 (Tex. App.—Dallas 2015, no pet.). The date a cause of action accrues is normally a question of law. *Etan Indus.*, 359 S.W.3d at 623.

Because the 2010 "deed" conveyed nothing to Tour Partners, Tour Partners did not receive a benefit from the transaction. Accordingly, Cohen's awareness of the 2010 "deed" in April 2010 did not begin the two-year statute of limitations on his unjust-enrichment claim against Tour Partners. *See Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 16.003).

Tour Partners failed to establish its statute-of-limitations affirmative defense based on the 2010 "deed." Tour Partners offered no other rationale for concluding that Cohen's unjust-enrichment claim began to accrue more than two years before he asserted it. Therefore, the trial court erred by granting summary judgment on the affirmative defense.

### 3. Fraud

The elements of fraud are (1) a material representation, (2) that is false, (3) that is known to be false when made or made recklessly without knowledge of truth, (4) with intent to be acted on, (5) that is relied on, and (6) that proximately causes injury. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). A fraud claim has a four-year limitations period. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4).

As discussed above, the 2010 "deed" transferred nothing, and Cohen suffered no injury—a necessary fraud element—from Tour Partners's status as the "grantee." We, therefore, conclude that Tour Partners failed to establish its statute-of-limitations affirmative defense based on the 2010 "deed." Tour Partners offered no other rationale for concluding that Cohen's fraud claim began to accrue more than four years before he asserted the claim. Therefore, the trial court erred by granting summary judgment on Tour Partners's affirmative defense.

In sum, Tour Partners's did not establish its limitations affirmative defenses as a matter of law, and the trial court erred by granting summary judgment on that basis to Tour Partners on all of Cohen's counterclaims. We, therefore, sustain Cohen's first issue.

**Whether Other Grounds Raised in Summary-Judgment Motion
Provide an Alternative Basis for Affirming**

Tour Partners pleaded alternative grounds in its summary-judgment motion, including that Cohen had no evidence on certain elements of his claims. In his second and fourth issues, Cohen argues against affirming summary judgment for Tour Partners on any alternatively pleaded grounds. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996) (providing that, when party files summary-judgment motion that presents alternative grounds for judgment in its favor, appellate court may affirm on ground different from that relied on by trial court, in interest of judicial economy, as long as alternative ground was included in motion).

Tour Partners filed a combined traditional and no-evidence motion for summary judgment. Cohen responded by alerting the trial court that he was added as a third-party defendant after significant discovery had taken place in the suit, he had not been served copies of the previously conducted discovery, and he did not have time to conduct his own discovery to respond to the no-evidence issues. The trial court denied Cohen's request to postpone its ruling on the no-evidence motion

to allow additional discovery for the expressly stated reason that all facts that were necessary to decide the limitations issue—the basis on which the trial court granted summary judgment—were known or admitted.

Because Cohen requested additional time to conduct discovery in opposition to the no-evidence motion, the trial court denied his request for the stated reason that additional discovery was unnecessary for its ruling under another theory, and we cannot know whether additional discovery would have revealed "some evidence" in opposition to Tour Partners's no-evidence motion,[3] we conclude that this is not a situation in which we should exercise discretion to affirm summary judgment on alternatively pleaded no-evidence grounds. *See id.* (allowing that appellate courts "may" consider other grounds for summary judgment on which trial court did not base its ruling "in the interest of judicial economy"). In our view, the better course is to remand to allow the trial court to consider whether additional time for discovery is necessary before it rules on the no-evidence motion.

We sustain Cohen's second and fourth issues to the extent that we do not affirm the summary judgment on alternatively pleaded grounds. We offer no opinion on the merits of Tour Partners's no-evidence challenge.

---

[3]     For example, Cohen's motion for new trial identifies evidence he asserts that he did not possess when responding to the no-evidence summary-judgment motion.

## Motions for Additional Discovery and for New Trial

In his third issue, Cohen challenges the trial court's order denying his motion for a continuance, thereby preventing him from conducting discovery to challenge Tour Partners's no-evidence summary-judgment motion. We have concluded that the trial court erred by granting Tour Partners summary judgment; therefore, we are remanding the case to the trial court for additional proceedings. The dates specified in the most recent docket control order have passed, which means that new dates will be necessary. This makes the denial of the motion for additional discovery moot. Likewise, issue five, which challenges the denial of Cohen's motion for new trial, is moot.

## Cross-Appeal Challenging Denial of
## Res Judicata Summary-Judgment Motion

Through a cross-appeal, Tour Partners argues that judgment can be affirmed in its favor on yet another ground: reversing the denial of Tour Partners's "supplemental" summary-judgment motion and rendering judgment that Cohen's counterclaims are barred by res judicata.

Tour Partners moved for and was granted summary judgment on its affirmative defenses. Because other parties and claims remained pending, the summary-judgment order was interlocutory. While the trial court still had jurisdiction over the suit, Tour Partners filed a "supplemental" summary-judgment motion, arguing that the principle of res judicata applied to the dismissed

counterclaims. Tour Partners explained that it was asking the trial court to "buttress" its earlier interlocutory order by granting this second motion concerning the same claims. Cohen objected to a summary-judgment procedure for claims that were no longer pending. Cohen also presented a factual waiver argument and some legal arguments against applying res judicata to his counterclaims.

The trial court denied the supplemental motion on non-substantive grounds. In its order, the trial court noted that it already dismissed Cohen's counterclaims, and it declined to advise how it would rule on the res judicata issue, stating: "The motion invites the Court to issue an advisory opinion, which the Court declines to do." Like the summary-judgment order before it, this was an interlocutory order.

Approximately one month later, all other claims and parties were nonsuited, and Tour Partners's affirmative-defense summary judgment against Cohen's counterclaims became a final judgment, and Cohen initiated this appeal. In addition to responding to Cohen's appellate arguments, Tour Partners cross-appealed the denial of its supplemental summary-judgment motion. Tour Partners asks us to consider its res judicata argument as an alternative basis for affirming a judgment that we would, otherwise, be reversing (based on our holding that notice of a defective "deed" did not begin the limitations period on Cohen's claims), even though the trial court never passed on the merits of that argument.

25

Appellate courts must review all summary-judgment grounds on which a trial court actually ruled, whether by granting or denying the motion, that are dispositive of the appeal. *Id.* at 624; *see Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5–6 (Tex. 1999) (extending *Cates* rule to require review of grounds raised in earlier summary-judgment motions ruled on and denied on merits). But appellate courts are afforded discretion to decline to consider summary-judgment grounds on which the trial court has not ruled. *Cates*, 927 S.W.2d at 626 ("We hold that courts of appeals *should* consider all summary judgment grounds the trial court rules on and . . . *may* consider other grounds that the movant preserved for review and trial court did not rule on . . . .") (emphasis added).

Given the complex procedural history of this and its related case as well as our resolution of the other issues in the appeal, we conclude that this is not a situation in which we should exercise discretion to consider summary-judgment grounds on which the trial court has never issued a substantive ruling. *See id.* (allowing that appellate courts "may" consider other grounds on which trial court did not base its ruling); *see also Elwess v. Farm Bureau Cty. Mut. Ins. Co. of Tex.*, No. 11-12-00339-CV, 2014 WL 6755662, at *3 (Tex. App.—Eastland Nov. 26, 2014, no pet.) (mem. op.) (holding that appellate court would "decline to address" summary-judgment grounds not addressed by trial court). In our view, the better

course is to remand to allow the trial court to consider these issues in the first instance.

We overrule Tour Partners's cross-appeal issue.

## Conclusion

We reverse the trial court's order granting Tour Partners's motion for summary judgment. We remand for additional proceedings consistent with this opinion.

Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Justice Keyes, dissenting.